1 | **Tomas A. Guterres, Esq. (State Bar No. 152729)**
2 | **David C. Moore, Esq. (State Bar No. 156114)**
| **Ryan J. Kohler, Esq. (State Bar No. 240047)**
3 | **COLLINS COLLINS MUIR + STEWART LLP**
| **1100 El Centro Street**
4 | **South Pasadena, CA  91030**
5 | **(626) 243-1100 – FAX (626) 243-1111**
| **Email:  tguterres@ccmslaw.com**
6 | **Email:  dmoore@ccmslaw.com**
7 | **Email:  rkohler@ccmslaw.com**

8
Attorneys for Defendant,
9 | CITY OF OXNARD

10

11 | # UNITED STATES DISTRICT COURT
12
13 | ## CENTRAL DISTRICT OF CALIFORNIA

14 | JOSE ALVAREZ; KAREEM DAVIS; ) | CASE NO. 2:19-cv-8044
15 | ETHEL HERRERA; CHAD )
| SHOEMAKER; AND LEO TAPIA on ) | [Ventura County Superior Court Case No.
16 | behalf of themselves and all others ) | 56-2019-00531510-CU-OE-VTA]
17 | similarly situated, )
| )
18 | Plaintiffs, ) | **NOTICE OF REMOVAL OF ACTION**
19 | ) | **UNDER 28 U.S.C. SECTION 1441(a)**
| vs. ) | **(Federal Question)**
20 | )
21 | CITY OF OXNARD, a California )
| municipality; and DOES 1 through 10, )
22 | inclusive, )
23 | )
| Defendants. )
24 | _____ )

25 | ///
26 | ///
27 | ///

28

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

1
**NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-REFERENCED COURT:**

**PLEASE TAKE NOTICE** that Defendant City of Oxnard ("Oxnard") hereby removes this action from the Superior Court of the State of California, County of Ventura, to the United States District Court for the Central District of California, and sets forth in support of this Notice of Removal of Action the following:

1.      On August 7, 2019, an action was commenced in the Superior Court of the State of California, County of Ventura, entitled *Jose Alvarez, et al. v. City of Oxnard* as case number 56-2019-00531510-CU-OE-VTA ("the state court action").

2.      On August 21, 2019, plaintiffs served Oxnard with the summons and complaint in the state court action. This was the first date on which any defendant (Oxnard is the sole named defendant in this matter) received a copy of the complaint in this matter. True and correct copies of the complaint and summons in the state court action are attached hereto as exhibits A and B, respectively, and incorporated herein for all purposes.

**Jurisdictional Basis for Removal**

3.      The state court action is a putative class action. The complaint in the state court action alleges, among other things, that Oxnard violated the federal Fair Labor Standards Act (29 U.S.C. section 207 *et seq.*)("FLSA") by willfully and intentionally failing to pay plaintiffs and the class wages (overtime compensation) as required under the FLSA. In particular, plaintiffs allege that Oxnard violated the FLSA by failing to pay "Controlled Standby" compensation to the class as dictated by a collective bargaining agreement.

4.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331, and removal of this action is premised on 28 U.S.C section 1441(a).

**Supplemental Jurisdiction Over Remaining Claims**

5.      In addition to the alleged federal statutory violation referenced above, plaintiffs assert a violation of California Labor Code section 222 in the form of an

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

2
**NOTICE OF REMOVAL**

1  alleged failure to pay wages in accordance with a wage agreement arrived at through

2  collective bargaining.

3        6.     Because the issue of the alleged failure to pay wages pursuant to a

4  collective bargaining agreement is central to the controversy alleged in the complaint

5  and is so related to the federal statutory claim forming the basis for this Court's original

6  jurisdiction over this case, the state law claim asserted by plaintiffs is part of the same

7  case or controversy under Article III of the United States Constitution.

8  **The Other Requirements for Removal are Satisfied**

9        7.     This Notice of Removal is being filed within thirty days of service of the

10  complaint on Oxnard.  No other defendants are named in the complaint, and Oxnard is

11  not aware of any other defendants being served with the complaint.  Accordingly, this

12  Notice of Removal is timely filed under 28 U.S.C. section 1446(b).

13        8.     Removal to this Court is proper because the Superior Court of the State

14  of California, County of Ventura, where this action was originally filed, is located

15  within this district.

16        9.     Counsel for Oxnard certifies that it will file a copy of this Notice of

17  Removal with the clerk of the Superior Court of the State of California, County of

18  Ventura forthwith, and will give notice of the removal to counsel for the plaintiffs.

19        10.     As stated above, there are no other named defendants in this action.

20  Accordingly, there are no other defendants who must consent to removal of this action.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

**NOTICE OF REMOVAL**

1    DATED:  September 17, 2019    COLLINS COLLINS MUIR + STEWART LLP

2

3

4

5

6    By: _____

7         DAVID C. MOORE
          TOMAS A. GUTERRES
8         RYAN J. KOHLER
          Attorneys for Defendant,
9         CITY OF OXNARD

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLLINS COLLINS
MUIR + STEWART LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

4

**NOTICE OF REMOVAL**

Exhibit A

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
David P. Myers (SBN 206137); Jason Hatcher (SBN 285481)
THE MYERS LAW GROUP, APC
9327 Fairway View Place, Ste. 100, Rancho Cucamonga, CA 91730

TELEPHONE NO.: 909-919-2027     FAX NO.: 888-375-2102
ATTORNEY FOR *(Name):* dmyers@myerslawgroup.com

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Ventura
STREET ADDRESS: 800 S. Victoria Avenue
MAILING ADDRESS: 800 S. Victoria Avenue
CITY AND ZIP CODE: Ventura, CA 93009
BRANCH NAME:

CASE NAME: Jose Alvarez, et al vs. City of Oxnard

**FOR COURT USE ONLY**

Electronically
**FILED**
by Superior Court of California
County of Ventura
08/05/2019
MICHAEL D. PLANET
Executive Officer and Clerk

*Joan Foster*
Joan Foster
Deputy Clerk

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* TWO
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 5, 2019

David P. Myers
*(TYPE OR PRINT NAME)*                              *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
*www.accesslaw.com*

Ventura Superior Court Accepted through eDelivery submitted 08-05-2019 at 04:46:49 PM

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

Ventura Superior Court Accepted through eDelivery submitted 08-05-2019 at 04:46:49 PM

Electronically
**FILED**
by Superior Court of California
County of Ventura
08/05/2019
MICHAEL D. PLANET
Executive Officer and Clerk

Joan Foster
Deputy Clerk

David P. Myers (SBN 206137)
Jason Hatcher (SBN 285481)
Morgan Good (SBN 311344)
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiffs Chad Shumaker et al.
and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF VENTURA

| | |
|---|---|
| JOSE ALVAREZ; KAREEM DAVIS; ETHEL HERRERA; CHAD SHOEMAKER; AND LEO TAPIA on behalf of themselves and all others similarly situated<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF OXNARD, a California municipality; and DOES 1 through 10, inclusive<br><br>DEFENDANTS. | Case No.:<br><br>CLASS ACTION COMPLAINT<br><br>1. **WITHHOLDING OF WAGES IN VIOLATION OF LABOR CODE SECTION 222;**<br>2. **FAILURE TO PAY WAGES UNDER THE FAIR LABOR STANDARDS ACTS**<br><br>**DEMAND FOR JURY** |

*[Handwritten notes:]*
Jose Alvarez – Fleet
Kareem Davis = Traffic signal Repair
Ethel Herrera/Parks
Chad Shoemaker & facilities
Leo Tapia – Streets

1
COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 08-05-2019 at 04:46:49 PM

CASE #:56-2019-00531510-CU-OE-VTA RECEIPT #: 1190806D11733 DATE PAID : 08/6/19 11:26 AM TOTAL : 435.00 TYPE : EFT

## I.    INTRODUCTION

This is an action brought by Plaintiffs JOSE ALVAREZ, KAREEM DAVIS, ETHEL HERRERA, CHAD SHOEMAKER, AND LEO TAPIA ("Plaintiffs"), on behalf of themselves and all others similarly situated, against Defendants CITY OF OXNARD, a California Municipality, and other as of yet unnamed DOE Defendants 1-10 (hereinafter collectively "Defendants") alleging, among other things violations of the California Labor Code and Federal law.  Plaintiffs seek damages, attorneys' fees and costs of suit.  Plaintiffs are informed and believe, and on that basis allege, as follows:

## II.    GENERAL ALLEGATIONS

1.      This class action arises from wage and hour violations for, among other things, Defendants failure to compensate non-exempt employees in compliance with California and Federal law As more fully described herein, Defendants failed and continue to fail compensate Plaintiffs and class members for all hours worked, including controlled standby required by contract which is owed under both the Labor Code and FLSA.

2.      Plaintiffs seek among other things, all wages, interest, penalties, and cost of suit, including attorney's fees.  Plaintiffs seek to represent the following Class:

> All current and former non-exempt employees of Defendants covered
> by the Memorandum of Understanding between the City of Oxnard
> and that International Union of Operating Engineers, Local No. 501,
> AFL-CIO, for the period of August 5, 2015 through the date of class
> certification ("the Class").

3.      This Court is the proper court and this action is properly filed in Ventura County and in this judicial district because Defendants do business in Ventura County and because Defendants' obligations and liability arise therein.

4.      Plaintiff Jose Alvarez is a resident of the County of Ventura, State of California.

5.      Plaintiff Kareem Davis is a resident of the County of Ventura, State of California.

6.      Plaintiff Ethel Herrera is a resident of the County of Ventura, State of California.

7.      Plaintiff Chad Shoemaker is a resident of the County of Ventura, State of

2

COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 08-05-2019 at 04:46:49 PM

California.

8.      Plaintiff Leo Tapia is a resident of the County of Ventura, State of California.

9.      Plaintiffs are informed and believe, and thereon allege that the City of Oxnard is a California municipality.

10.     The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10 are unknown to Plaintiffs, who therefore sue the DOE Defendants by fictitious names.  Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained.

11.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.  Plaintiffs are informed and believe, and thereon allege, that at all times material hereto Defendants were and are the agents of each other.

12.     Plaintiffs are informed and believe, and thereon allege, that Defendant DOES 1 through 10 are the partners, owners, shareholders, managers, joint employers, or alter egos of Defendant Employers, and were acting on behalf of Defendant Employers in the payment of wages to Plaintiff.

13.     At all relevant times alleged herein Plaintiffs were employed by Defendants, and Plaintiffs held positions with Defendants in the County of Ventura, State of California.

III.    **FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

14.     Plaintiffs and the Class worked as hourly non-exempt employees for Defendants.

15.     Throughout the period of August 5, 2016 through the date of class certification ("Class Period"), Plaintiffs and all Class members were and are employees of Defendants, entitled to all of the protections afforded to employees under the <u>Labor Code</u> and applicable federal law.

CASE #:56-2019-00531510-CU-OE-VTA RECEIPT #: 1190806D11733 DATE PAID : 08/6/19 11:26 AM TOTAL : 435.00 TYPE : EFT

3

COMPLAINT

16.     During the relevant time period, Plaintiffs and the Class members worked pursuant to an MOU that provided in relevant part that:.

Article 11, Stanby Pay
1.   Controlled Standby
(a) When a regular full-time Unit employee is required and assigned to remain at home for immediate emergency call back at times that such employee is not otherwise scheduled to be not is on duty, such employee shall be compensated for such standby hours that he or she remained at home at the applicable minimum wage, or such other minimum wage as required by the Fair Labor Standards Act (FLSA).

(b) For purposes of this Section, and compliance with the FLSA, controlled standby shall mean standby time during which the Unit employee is required to remain at the employee's home (or to leave a telephone number where the employee can be reached) and the Unit employee is expected to report to work within thirty minutes or less.  If judicial and/or department interpretation determines that controlled standby reporting time is more or less than that specified above, such time limit shall be adjusted accordingly.

(c) Nothwithstanding anything else to the contrary, a Unit employee on standby on a holiday under Article 32 of this MOU shall receive eight (8) hours straight-time pay during his/her normal shift hours for being "on duty" plus eight (8) hours added to his/her vacation balance.  Further, if a Unit employee on standby works on a holiday, the employee shall receive the straight-time pay and vacation leave set forth herein and shall be paid one-half (0.5) times pay for all time worked.

17.     During the relevant time period, Defendants failed to pay Plaintiffs and Class members the full amount of controlled standby wages based on the Defendants policy and/or practice of requiring Plaintiffs and Class members to report to work within thirty minutes or less.

18.     Defendants conduct, as alleged herein, has caused Plaintiffs and Class members damages including, but not limited to, loss of wages and compensation.

19.     Defendants are liable to Plaintiffs and the Class for withholding wages, failing to pay all compensation for all hours worked in light of the fact that they were on Controlled Standby.

20.     Plaintiffs are members of and seek to be the representatives for the Class of

4
COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 08-05-2019 at 04:46:49 PM

CASE #:56-2019-00531510-CU-OE-VTA RECEIPT #: 1190806D11733 DATE PAID : 08/6/19 11:26 AM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 08-05-2019 at 04:46:49 PM

CASE #:56-2019-00531510-CU-OE-VTA RECEIPT #: 1190806D11733 DATE PAID : 08/6/19 11:26 AM TOTAL : 435.00 TYPE : EFT

similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged herein.

21.     Plaintiffs and the Class were suffered and/or permitted to and worked without receiving all earned stanby pay for all hours worked.  Despite knowing that Plaintiffs and the Class were expected to report to work within 30 minutes, Defendants refused to pay the full amount of all wages owed.

22.     The non-payment of wages, Labor Code violations, and FLSA violations upon Plaintiffs and the Class are a consequence of Defendants' unlawful policies and practices which were centrally devised, implemented, communicated, and applied to Plaintiffs and the Class.

23.     Because of Defendants' unlawful conduct, Plaintiffs and the Class have been and continue to be systematically deprived of their earned wages to which they are entitled by law and deprived of other benefits of the Labor Code and the FLSA, to the detriment of themselves and the class at large.

## CLASS DEFINITION AND CLASS ALLEGATIONS

24.     Plaintiffs bring this action on his own behalf and on behalf of all others similarly situated, pursuant to California Code of Civil Procedure §382, and as a member of the Class defined as follows:

> All current and former non-exempt employees of Defendants covered by the Memorandum of Understanding between the City of Oxnard and that International Union of Operating Engineers, Local No. 501, AFL-CIO, for the period of August 5, 2016 through the date of class certification ("the Class").

25.     Plaintiffs reserve the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to alter, propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

26.     This action has been brought and may be properly maintained as a class action pursuant to the provisions of the Code of Civil Procedure §382 and other applicable law.

27.     **Numerosity:** Members of the Class are so numerous that their individual

5

COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 08-05-2019 at 04:46:49 PM

joinder is impracticable. It is possible to ascertain the number of former and current employees who are members of the proposed class, but they are so numerous that joinder is impracticable. The proposed Class includes future employees (persons who are hired by defendant within the class period, but who are not now class members as current or former employees) whose joinder is currently impossible. The precise number of Class members and their addresses can be determined by Defendants' business records and will become known to Plaintiffs through discovery. Class members may be notified of the pendency of this action by mail, e-mail, the internet, or published and posted notice.

28.   **Typicality:** Plaintiffs' claims are typical of the claims of members of the proposed classes. Defendants employed Plaintiffs during the statutory period, and Plaintiffs have been subjected to Defendants' unlawful employment practices, as alleged in this Complaint.

29.   **Adequacy of Class Representative:** Plaintiffs will fairly and adequately protect the interests of the classes. Plaintiffs' interests do not conflict with Class members' interests, and Plaintiffs have retained competent and experienced counsel. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

30.   **Common Questions of Law and Fact:** Common questions of law and fact exist as to all Class members and predominate over any questions affecting solely individual members of the proposed Class:

    a.   Whether Defendants engaged in a pattern or practice of failing to pay Plaintiffs and the members of the Class the full amount of wages based on being on controlled stanby in violation of the applicable Labor Code provisions and the FLSA;

    b.   Whether Defendants improperly retained, appropriated or deprived Plaintiffs and the Class members of the use of monies or sums to which they were legally entitled;

    c.   Whether Defendants were participants in the alleged unlawful conduct;

    d.   The nature and extent of class-wide injury and measure of damages for the

CASE #:56-2019-00531510-CU-OE-VTA RECEIPT #: 11908060D11733 DATE PAID : 08/6/19 11:26 AM TOTAL : 435.00 TYPE : EFT

6

COMPLAINT

injury.

31.    **Superiority and Substantial Benefit:** A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants implemented illegal schemes that are generally applicable to the members of the proposed class and sub-classes. Damages suffered by each Class member may be relatively small given the burden and expense of individual prosecution of the complex and expensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if Class members could afford such individual litigation, the court system could not. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

32.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. Plaintiffs are informed and believe, and on that basis allege, that the amount of money due each Class member as economic damages is ascertainable from Defendants' records or may readily be determined by other means.

33.    The Classes should also be certified because:

a.    The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;

b.    The prosecution of separate actions by individual Class members creates the risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and

c.    Defendants have acted or refused to act on grounds generally applicable to the Class, and/or general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

///

7

COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 08-05-2019 at 04:46:49 PM

CASE #:56-2019-00531510-CU-OE-VTA RECEIPT #: 1190806D11733 DATE PAID : 08/6/19 11:26 AM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 08-05-2019 at 04:46:49 PM

CASE #:56-2019-00531510-CU-OE-VTA RECEIPT #: 1190806D11733 DATE PAID : 08/6/19 11:26 AM TOTAL : 435.00 TYPE : EFT

### FIRST CAUSE OF ACTION
### WITHHOLDING OF WAGES- CLASS

#### Violation of Labor Code §222

(Against all Defendants)

34.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 33 above as though fully set forth.

35.    Pursuant to Labor Code § 222 "[i]t shall be unlawful, in case of any wage agreement arrived at through collective bargaining, either willfully or unlawfully or with intent to defraud an employee, a competitor, or any other person, to withhold from said employee any part of the wage agreed upon."

36.    Pursuant to the collective bargaining agreement between Defendants and the International Union of Operating Engineers, Local 501, AFL-CIO, employees were to receive compensation based on being Controlled Standby.

37.    Defendants failed to pay Plaintiffs and other class members all hours at the correct hourly rate for being on Controlled Stanby dictated by the collective bargaining agreement.

38.    Plaintiffs and other class members have been harmed by Defendants' breach of the collective bargaining agreement and seek damages and attorney's fees pursuant to Labor Code § 218.5.

39.    Plaintiffs request the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of themselves and, as a proxy for the the International Union , on behalf of Defendants' other current and former employees.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY FEDERAL OVERTIME COMPENSATION

#### Violation of the FLSA, 29 U.S.C. §§ 207, *et seq.*
(Against all Defendants)

40.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 33 above as though fully set forth.

41.    At all times relevant, Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA by willfully and intentionally failing to

8

COMPLAINT

pay Plaintiffs and the Class wages as required by 29 U.S.C. § 207.

42.     Therefore, at all times relevant, Defendants operated under and continue to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Plaintiff and the Class compensation at the rates required by the FLSA, 29 U.S.C. § 207.

43.     As a result of the unlawful acts of Defendants, Plaintiff and the Class are entitled to recovery in the amounts of Plaintiff and the Class's unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees and costs, and any other relief the Court deems just and proper pursuant to FLSA, 29 U.S.C. § 216(b).

## IV.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment as follows:

1.  An order that the action be certified as a class action;

2.  An order that Plaintiffs be appointed class representatives;

3.  An order that counsel for Plaintiffs be appointed class counsel;

4.  An order requiring Defendants to identify, by name, address and telephone number all current and former employees of Defendants, that are covered by the Class Definition, for the period of August 5, 2015 through the date of class certification;

5.  For all unpaid wages due to Plaintiffs and each Class member in amounts to be proven at trial;

6.  For the full amount of unpaid wages due Plaintiffs and each Class member pursuant to Labor Code §222;

7.  For all applicable statutory penalties, in amounts to be proven at trial;

8.  For general damages including compensatory damages according to proof;

9.  For pre-judgment interest as allowed by Labor Code §§218.6 as well as Cal. Civil Code §3287 and to the extent permitted by law, the California Constitution, and/or deemed equitable by the Court;

10. For all applicable interest on damages, wages, and penalties due;

Ventura Superior Court Accepted through eDelivery submitted 08-05-2019 at 04:46:49 PM

CASE #:56-2019-00531510-CU-OE-VTA RECEIPT #: 1190806D11733 DATE PAID : 08/6/19 11:26 AM TOTAL : 435.00 TYPE : EFT

9

COMPLAINT

11. For injunctive relief to prevent further violations of the California Labor Code;

12. For declaratory relief that Defendants engaged in unfair practices;

13. For declaratory relief that Defendants violated Labor Code 222;

14. For costs of suit, expenses and attorneys' fees pursuant to Labor Code 218.5, §§226(e) and (h), 1194(a), 2269(g)(1), Code of Civil Procedure §1021.5, *et seq.*, and all other applicable law;

15. For all such other and further relief that the Court may deem just and proper.

Dated:

THE MYERS LAW GROUP, A.P.C.

By:

David P. Myers
Jason Hatcher
Morgan Good
Attorneys for Plaintiffs and all others similarly situated.

Ventura Superior Court Accepted through eDelivery submitted 08-05-2019 at 04:46:49 PM

CASE #:56-2019-00531510-CU-OE-VTA RECEIPT #: 1190806D11733 DATE PAID : 08/6/19 11:26 AM TOTAL : 435.00 TYPE : EFT

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF VENTURA**

**MINUTE ORDER**

COPY

DATE: 08/15/2019                    TIME: 12:53:00 PM        DEPT:
JUDICIAL OFFICER PRESIDING: Kevin DeNoce
CLERK:  Hellmi McIntyre
REPORTER/ERM:

CASE NO: **56-2019-00531510-CU-OE-VTA**
CASE TITLE: **Alvarez vs. City of Oxnard**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Other employment

**APPEARANCES**

NATURE OF PROCEEDINGS:  COMPLEX CASE DESIGNATION & CLASS ACTION

The court, having reviewed this matter, hereby grants the request to deem this case Complex.

The court also deems this case a class action.

A status conference is scheduled for September 23, 2019 at 8:30 a.m. in Department 43.

This matter is referred to the Case Management Department for re-designation purposes.

Clerk to give notice

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA**

Ventura
800 South Victoria Avenue
Ventura, CA 93009

SHORT TITLE: Alvarez vs. City of Oxnard

| CLERK'S CERTIFICATE OF SERVICE BY MAIL (Minute Order) | CASE NUMBER:<br>56-2019-00531510-CU-OE-VTA |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Ventura, California, on 08/16/2019.

Clerk of the Court, by: _____ , Deputy

DAVID P MYERS
9327 FAIRWAY VIEW PLACE # 100
RANCHO CUCAMONGA, CA 91730

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

V3 1013a (June 2004)

19

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

**800 South Victoria Avenue**
**Ventura , CA 93009**
**(805) 289-8525**
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: **56-2019-00531510-CU-OE-VTA**

Your case has been assigned for all purposes to the judicial officer indicated below.

**A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.**

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Kevin DeNoce | Ventura | 43 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|

| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
|---|---|---|
| 01/06/2020 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

   **AT THE ABOVE HEARING IS MANDATORY.**
Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).
If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**
   At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**
   To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**
   Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Clerk of the Court,
By: _Joan Foster_ _____
Joan Foster, Clerk

Date: 08/06/2019

VEN-FNR082

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Exhibit B

Ventura Superior Court Accepted through eDelivery submitted 08-07-2019 at 12:28:28 PM

CITY OF OXNARD

CITY ATTORNEY

AUG 21 2019 **SUMMONS**
*(CITACION JUDICIAL)*

Received
Oxnard City Clerk

2019 AUG 21 PM 1:38

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED**
by Superior Court of California
County of Ventura
08/07/2019
MICHAEL D. PLANET
Executive Officer and Clerk

*Sandra Legere*
Sandra Legere
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF OXNARD, a California Municipality; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE ALVAREZ
[Please see Attachment SUM-200(A)]

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es)*: Ventura Superior Court<br><br>800 S. Victoria Avenue<br>Ventura, CA 93009 | CASE NUMBER: *(Número del Caso):*<br><br>56-2019-00531510-CU-OE-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
David P. Myers, The Myers Law Group, 9327 Fairway View Place, Ste. 100, Rancho Cucamonga, CA 91730

DATE: **08/07/2019**               Michael D. Planet
*(Fecha)*                        Clerk, by   *Sandra Legere*     , Deputy
                                *(Secretario)*              *(Adjunto)*

                                                Sandra Legere

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 8/21

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br><br>American LegalNet, Inc.<br>*www.FormsWorkflow.com* |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jose Alvarez, et al. v. City of Oxnard | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

KAREEM DAVID; ETHEL HERRERA; CHAD SHOEMAKER; AND LEO TAPIA on behalf of themselves and all others similarly situated

Ventura Superior Court Accepted through eDelivery submitted 08-07-2019 at 12:28:28 PM

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,                    )
                                                        )  ss.
County of Los Angeles.      )

      I am employed in the County of Los Angeles.  I am over the age of 18 and not a party to the within action. My business address is 1100 El Centro Street, South Pasadena, California  91030.

      On this date, I served the foregoing document described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a) (Federal Question)** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

David P. Myers, Esq.
Jason Hatcher, Esq.
Morgan Good, Esq.
THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place,
Suite 100
Rancho Cucamonga, CA 91730
Tel: (909) 919-2027 – Fax: (909) 375-2102
dmyers@myerslawgroup.com
jhatcher@myerslawgroup.com
mgood@myerslawgroup.com
**ATTORNEYS FOR PLAINTIFFS**

☒ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in South Pasadena, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at South Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States

**NOTICE OF REMOVAL**

COLLINS COLLINS
MUIR + STEWART...
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

Mail in South Pasadena, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☐ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated
recipients listed on the attached (Date (Tim
Service List on: _____ ) at _____ e)

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (626) 243-1111 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on September 17, 2019  at South Pasadena**,** California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
NELLY VERDUGO

COLLINS COLLINS MUIR + STEWART™
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

25
**NOTICE OF REMOVAL**